**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **RICHARD THEODORE THARPE JR.,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:08-CV-366-A |
| § | |
| **NATHANIEL QUARTERMAN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Richard Theodore Tharpe Jr., TDCJ # 14138601, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Iowa Park, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

On June 26, 2006, pursuant to a plea bargain agreement, Tharpe pleaded guilty to possession

with intent to deliver a controlled substance and was placed on eight years' deferred adjudication community supervision. (State Habeas R. at 83-92)  As part of the written admonishments, Tharpe waived his right to appeal, and the trial court signed a certification that he had no right to appeal. (Clerk's R. at 94, 102)  Nevertheless, on November 20, 2006, Tharpe filed a pro se notice of appeal from the deferred adjudication judgment, which was dismissed by the Second Court of Appeals of Texas on January 11, 2007, on the grounds that Tharpe possessed no right to appeal and his notice of appeal was untimely.  *Tharpe v. Texas*, No. 2-06-413-CR, slip op. (Tex. App.–Fort Worth Jan. 11, 2007) (not designated for publication)

Thereafter, the state moved for an adjudication of guilt, and, on January 10, 2007, the trial court adjudicated Tharpe's guilt for the offense and sentenced him to twenty-five years' imprisonment. (State Habeas R. at 94-97)  The trial court signed a certification that Tharpe had a limited right of appeal.  (*Id.* at 154)  Tharpe appealed the judgment adjudicating guilt, however the Second Court of Appeals affirmed the trial court's judgment, and, on January 16, 2008, the Texas Court of Criminal Appeals refused Tharpe's petition for discretionary review.  On January 31, 2008, Tharpe filed a state postconviction application for writ of habeas corpus, raising one or more of the claims presented herein, which was denied without written order by the Texas Court of Appeals on May 21, 2008. (State Habeas R. at cover)  This federal petition was filed on June 2, 2008.[1]

D. ISSUES

Tharpe raises the following claims:

(1)  His conviction was obtained by a plea of guilty that was unlawfully induced;

---

[1] A pro se habeas petition is deemed filed when the petition and any attachments are delivered to prison authorities for mailing.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

(2)   His conviction was obtained by a plea of guilty that was made without knowledge of the consequences of the plea;

(3)   His conviction was obtained by the use of a coerced confession;

(4)   His conviction was obtained by the use of evidence gained from an unconstitutional search and seizure;

(5)   His conviction was obtained by the use of evidence obtained from an unlawful arrest;

(6)   His conviction was obtained by the prosecution's failure to tell him about evidence favorable to his defense;

(7)   He was denied effective assistance of trial counsel;

(8)   He was denied his right to a timely appeal; and

(9)   Revocation of his deferred adjudication was improper.  (Petition at 7-8c)

E.  RULE 5 STATEMENT

Quarterman contends that Tharpe's claims (1) through (7) are time-barred and/or unexhausted and procedurally barred.  28 U.S.C. §§ 2244(d)(1), 2254(b)(1).

F.  STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>>(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>>(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under § 2244(d)(1)(A), applicable to this case, the federal statute of limitations commenced for purposes of claims (1) through (7), relevant to the original plea proceedings, when the state court's deferred adjudication judgment became final by the conclusion of the time for seeking direct review on July 26, 2006, and expired one year later on July 26, 2007, absent any applicable tolling. *See* TEX. R. APP. P. 26.2(a)(1) (allowing thirty days from the date sentence is imposed or suspended in open court to file notice of appeal in the absence of timely filed motion for new trial); *Caldwell v. Dretke*, 429 F.3d 521, 526-27 (5th Cir. 2005); *Manuel v. Texas*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (holding defendant placed on deferred adjudication may raise issues relating to original plea proceeding only in appeal taken when deferred adjudication is first imposed). Tharpe's untimely notice of appeal failed to maintain "direct review" of his conviction for purposes of § 2244(d)(1)(A). The period of the pendency of a direct appeal dismissed for lack of jurisdiction because the appeal itself is untimely, cannot be counted as part of the time before "the judgment became final by the conclusion of [direct] review" under § 2244(d)(1)(A). *See Zinsou v. Dretke*, No. 4:04-CV-0556-A, 2004 WL 2165378, at *2 (N.D.Tex. Sep. 24, 2004), *adopted*, 204 WL 2381243

4

(N.D.Tex. Oct. 22, 2004); *Kessinger v. Cockrell*, No. 4:02-CV-863-A, 2003 WL 22056005, at *3 (N.D.Tex. Feb. 11, 2003); *Medford v. Cockrell*, No. 4:01-CV-237-Y, 2001 WL 1658150, at *1 n.2 (N.D.Tex. Dec.21, 2001); *Lavarry v. Johnson*, No. 3:00-CV-2449-G, 2001 WL 376335, at *2-3 (N.D.Tex. Apr.12, 2001), *adopted*, 2001 WL 484426 (N.D.Tex. May 2, 2001). Because Tharpe failed to perfect a timely appeal, his conviction became final on July 26, 2006, thirty days after the date of the trial court's judgment, and the federal limitations period expired one year later on July 26, 2007, absent any tolling.

Tharpe's state habeas application filed on January 31, 2008, after the limitations period had already expired did not operate to toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Tharpe alleged or demonstrated that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Tharpe's petition as to claims (1) through (7) was due on or before July 26, 2007; thus, his petition filed on June 2, 2008, is untimely as to those claims.

G.  DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the particular case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). This presumption applies to all findings, express and implied. *Valdez v. Cockrell*, 274 F.3d 941, 948 (5th Cir. 2001). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 2. Right to Appeal

Tharpe claims he was denied his right to a timely appeal, through no fault of his own, because his appointed attorney failed to advise him regarding his right to appeal and when he could or could not appeal. (Pet'r Memorandum at 22-26) This claim is vague and indecipherable but appears to relate to Tharpe's untimely "attempted appeal" of the original 2006 judgment placing him on deferred adjudication. Regardless, a defendant may, as part of a valid plea agreement, waive his statutory right to appeal. *See United States v. Melancon*, 972 F.2d 566, 568 (5th Cir. 1992). Tharpe

was thoroughly admonished as to his rights and the range of punishment for the offense should his deferred adjudication be revoked.[2] He knowingly and voluntarily waived his right to appeal, among other rights, as a part of the plea bargain agreement, and the trial court expressly certified that he had no right to appeal. Given this record, and the presumption of correctness, regularity, and verity that is afforded to guilty plea documents and the representations of a defendant during a guilty plea proceeding, the state court's rejection of Tharpe's claim, after the fact, that he did not understand the consequences of his plea is not contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court nor is it based on an unreasonable determination of the facts in light of the evidence presented in the state habeas proceeding. *See Bonvillian v. Blackburn,* 780 F.2d 1248, 1252 (5th Cir. 1986); *Webster v. Estelle,* 505 F.2d 926, 929-30 (5th Cir. 1974). Moreover, under these circumstances, his trial counsel's failure to advise Tharpe regarding his right to appeal or to file a notice of appeal is not unreasonable. *See Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000).

To the extent Tharpe's claim appears to relate to whether the trial court had authority to impose punishment and conduct sentencing during the revocation proceeding when his "attempted

---

[2]In relevant part, Tharpe was admonished in writing as follows:

> 10. <u>Deferred Adjudication</u>: Should the Court defer adjudicating your guilt and place you on community supervision, upon violation of any imposed condition, you may be arrested and detained as provided by the law. You will then be entitled to a hearing limited to the determination by the Court, without a jury, whether to proceed with an adjudication of your guilt upon the original charge. No appeal may be taken from this determination. Upon adjudication of your guilt, the Court may assess your punishment anywhere within the range provided by law for this offense. After adjudication of guilt, all proceedings including assessment of punishment, pronouncement of sentence, granting of community supervision and your right to appeal continue as if adjudication of guilt had not been deferred. (Clerk's R. at 92)

appeal" remained pending is purely a question of state law, decided against Tharpe in his second appeal, and is not cognizable on federal habeas review. *See Alexander v. McCotter*, 775 F.2d 595, 598-99 (5th Cir. 1985).

### 3. Adjudication Proceeding

Tharpe claims his deferred adjudication community supervision was improperly revoked because the officers made false statements and his trial counsel was ineffective during the adjudication proceedings. (Petition at 8c; Pet'r Memorandum at 26-30) The state's first amended petition to proceed to adjudication listed three alleged violations by Tharpe of the conditions of his release. The state waived the third allegation and proceeded on the following two alleged violations.

> 1. The Defendant, RICHARD T. THARPE, was ordered by the Court to commit no offense against the laws of this State or any other State of the United States. The Defendant on or about AUGUST 11, 2006, in the County of Tarrant and State of Texas DID THEN AND THERE INTENTIONALLY OR KNOWINGLY POSSESS A CONTROLLED SUBSTANCE, NAMELY COCAINE, OF LESS THAN ONE GRAM, INCLUDING ANY ADULTERANTS OR DILUTANTS.
>
> 2. The Defendant, RICHARD T. THARPE, was ordered by the Court to commit no offense against the laws of this State or any other State of the United States. The Defendant on or about AUGUST 11, 2006, in the County of Tarrant and State of Texas, did HERETOFORE THEN AND THERE KNOWINGLY OFFER OR AGREE TO ENGAGE IN SEXUAL CONDUCT, TO-WIT: DEVIATE SEXUAL INTERCOURSE CONSISTING OF ORAL-TO-GENITAL CONTACT WITH J. E. GRAY FOR A FEE. (Clerk's R. at 139-40)

At the revocation hearing, undercover Officer J. E. Gray testified she was working a prostitution sting on the night in question when she was approached by Tharpe. (Reporter's R., vol. 2, at 17-29) Tharpe told her he was looking for someone to get high with and asked her if she "smoked" and if she had a room. She asked Tharpe what she had to do to get a few hits on the crack pipe and if she had to engage in sexual intercourse with him. Tharpe said, "Yeah. Now, come across the street. Let's go to your room." At that point, Officer Gray signaled to another undercover

officer, Officer White, who placed Tharpe under arrest, handcuffed him, and put him in a police van. Tharpe was transported to a processing point, where he was turned over to Officer J. Miller and placed in a patrol car with another arrestee. (*Id.* at 68-118) At the jail, Officer Miller removed the other arrestee from the patrol car and then returned to remove Tharpe from the car. The officer searched Tharpe's person and then lifted the rear seat cushion where Tharpe had been sitting and found a glass pipe and a baggie containing crack cocaine. Tharpe testified that he approached Officer Gray because his friends gave him $20 to find out if she was vice and that the crack cocaine and pipe were not his. (*Id.* at 124-57)

At the conclusion of the hearing, the trial court found paragraph one to be true by a preponderance of the evidence but found paragraph two to be not true due to certain inconsistencies in the vice officers' testimony. Tharpe contends that, because the trial court found the prostitution charge not true, he was illegally arrested and he would not have been linked to the contraband but for the illegal arrest. (Petition at 8c) First, the trial court is the sole trier of fact and determines the credibility of the witnesses and the weight to be given to their testimony. *See Goodwin v. Johnson*, 132 f.3d 162, 176 (5th Cir. 1997). Secondly, under Texas law, proof by a preponderance of the evidence of any one of the alleged violations of the conditions of supervision is sufficient to support a revocation order. *See Moore v. Texas,* 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Sanchez v. Texas*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980); *Leach v. Texas,* 170 S.W.3d 669, 672 (Tex. App.–Fort Worth 2005, pet. ref'd). Because of the lower evidentiary standard required, no federal constitutional violation is implicated unless the decision is "totally devoid of evidentiary support." *See Sandoval v. Director, TDCJ-CID*, No. 6:07-CV-512, 2008 WL 4365919, at *2 (E.D. Tex. Sep. 19, 2008) (not published in the Federal Reporter); *Player v. Quarterman,* No. 3:05-CV-2119, 2006

9

WL 2601678, at *3 (N.D.Tex. Sep. 11, 2006) (*citing Douglas v. Buder,* 412 U.S. 430, 432 (1973)) (not published in the Federal Reporter).  Because there was some evidence, *albeit* largely circumstantial, from which the trial court could conclude that Tharpe possessed the contraband when he was arrested and concealed it in the seat of the patrol car, no constitutional violation is implicated by the court's determination that Tharpe had violated a condition of his community supervision.

## II.  RECOMMENDATION

Tharpe's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred as to claims 1 through 7, and DENIED as to claims 8 and 9.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 6, 2009.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 6, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 15, 2009.

                                              /s/   Charles Bleil
                                        CHARLES BLEIL
                                        UNITED STATES MAGISTRATE JUDGE