IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 27 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| RICHARD THEODORE THARPE, JR., | § |
| | § |
| Applicant, | § |
| | § |
| VS. | § NO. 4:08-CV-366-A |
| | § |
| NATHANIEL QUARTERMAN, DIRECTOR, | § |
| TEXAS DEPARTMENT OF CRIMINAL | § |
| JUSTICE, CORRECTIONAL | § |
| INSTITUTIONS DIVISION, | § |
| | § |
| Respondent. | § |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein

Richard Theodore Tharpe, Jr., is applicant[1] and Nathaniel

Quarterman, Director, Texas Department of Criminal Justice,

Correctional Institutions Division, is respondent. This is a

petition for writ of habeas corpus filed pursuant to 28 U.S.C. §

2254. On April 15, 2009, the United States Magistrate Judge

issued his proposed findings, conclusions, and recommendation

("FC&R"), and ordered that the parties file objections, if any,

thereto by May 6, 2009. On May 7, 2009, applicant filed his

---

[1]The title of the document filed by Richard Theodore Tharpe, Jr., was "Petition for Writ of Habeas Corpus by a Person in State Custody," and he referred to himself as "petitioner" in the document. Consistent with the wording of 28 U.S.C. § 2254, the court is referring to the document filed June 5, 2008, as an "application" and is referring to Richard Theodore Tharpe, Jr., as "applicant."

written objections.  Respondent has not made any further

response.  In accordance with 28 U.S.C. § 636(b)(1) and Rule 72

of the Federal Rules of Civil Procedure, the court makes a <u>de</u>

<u>novo</u> determination of those portions of the proposed findings or

recommendations to which specific objection is made.  <u>United</u>

<u>States v. Raddatz</u>, 447 U.S. 667 (1980).  The court is not

addressing any nonspecific objections or any frivolous or

conclusory objections.  <u>Battle v. United States Parole Comm'n</u>,

834 F.2d 419, 421 (5th Cir. 1987).

For the most part, applicant's objections to the FC&R amount

to nothing more than a restatement of the claims and arguments he

presented in his application.

After having reviewed respondent's supplemental briefing in

response to the court's May 12, 2009, order, the court is

persuaded that <u>Caldwell v. Dretke</u>, 429 F.3d 521 (5th Cir. 2005),

continues to be controlling on the issue for which respondent

cited it in its answer and for which it was cited as authority by

the magistrate judge.  The holding in <u>Caldwell</u> compels the

conclusion that the magistrate judge correctly recommended

dismissal of applicant's claims 1 through 7 as time-barred.

Applicant has not provided the court with anything that would

justify an equitable tolling of the limitations period.

Applicant has presented nothing to put in question the magistrate judge's recommendation that the remaining claims be denied based on applicant's failure to establish any constitutional violation.

Therefore,

The court ACCEPTS the FC&R of the magistrate judge and ORDERS that applicant's claims 1 through 7 be, and are hereby, dismissed as time-barred, and that all relief sought by the remaining claims he has asserted in the document he filed June 5, 2008, titled "Petition for Writ of Habeas Corpus by a Person in State Custody" be, and is hereby, denied.

SIGNED May 27, 2009.

_____

JOHN McBRYDE
United States District Judge